entitled to and should have demanded its production, but by his silence the acts of the witness and of the justice were approved of. (Thayer *a.* Fire Ins. Co., 10 *Pick.*, 329.) The maxim "omnia præsumuntur contra spolialorem" has full application to the plaintiff. (Leeds *a.* Cook, 4 *Esp.*, 256; 1 *Greenl. Ev.*, § 82.)

III. The plaintiff's claim to have purchased the materials in dispute, is void by the Statute of Frauds. (Goodrich *a.* Jones, 2 *Hill*, 142; Mott *a.* Palmer, 1 *N. Y.*, 564; Bishop *a.* Bishop, 11 *Ib.*, 123.)

*Burdick & Betts*, for the respondent.

---

## MATTER OF BENTLEY.

*Surrogate's Court, Oswego; May,* 1863.

EXECUTION AGAINST ESTATE OF DECEDENT.—PERMISSION OF SURROGATE.

Under the Laws of 1850, ch. 295, § 1,—which provide that an execution shall not issue against the property of a deceased person, unless the surrogate of the county, who has jurisdiction to grant administration or letters-testamentary

---

* Present, POTTER, BOCKES, and JAMES, JJ.

on the estate of the judgment-debtor, shall, on sufficient cause shown, make an order granting permission to issue such execution,—the fact that the judgment is unpaid is not sufficient to warrant the surrogate in granting such leave. It must also appear that the personal estate of the deceased is insufficient to pay the debts.

It is the better practice, on such application, to set forth also a description of the real estate to be affected by the proceeding.

Application for leave to issue execution against the estate of a deceased person.

This was an application to the surrogate of Oswego county, by Matthias Pennick and others, for leave to issue execution upon a judgment recovered against Jerome B. Bentley, since deceased.*

*Cyrus Whitney* and *J. A. Hathaway*, for the application.

*D. H. Marsh*, opposed.—The Laws of 1850, ch. 295, § 1, provide for the issue of execution, without waiting for letters testamentary or of administration, after a year and a day, on permission of the surrogate on sufficient cause shown, "in the same manner, and with the same effect, as if he were still living." When this statute was enacted, section 284 of the Code ended with the words, "remains unsatisfied and due;" the remainder of this section, as it *now* stands, being enacted in 1858. Consequently, the last clause of section .284 of the Code, as it *now* stands, has nothing to do with the proceedings against heirs and terre-tenants, while the prior portion of the section has, as provided in the act of 1850. Therefore, after permission by the surrogate, application must be still made to the Supreme Court, in case of a deceased judgment-debtor, in the manner pointed out by section 284 of the Code as it stood prior to 1858. And as to that mode, see Arden *a.* Clark (11 *How. Pr.*, 209, 214.) But 2 Rev. Stat., 452, § 32, enacts that heirs and devisees shall be liable to the extent of the real estate descended to them, and (section 33) they shall not be liable for any debt

---

* In Thatcher *a.* Bancroft (15 *Ante*, 243), it was held that the statute under which this application was made is inapplicable to judgments in actions originally commenced against the decedent. Compare, however, Frink *a.* Morrison (13 *Ante*, 80).

of the ancestor, unless it shall appear that the personal assets of the deceased were not sufficient to pay and discharge the same. This does not appear in the papers served, and therefore the surrogate cannot permit execution to issue. Besides, the papers should show what particular real estate is sought to be charged with the judgments, and that all the parties interested in *that* real estate have been notified. If execution can issue, it can be only against the *personal* property of the deceased. 6 *How. Pr.* (372–375) shows that the proceedings by *scire facias* are substantially to be pursued, though the writ is abolished; and the statute of *scire facias* (2 *Rev. Stat.*, 578, § 11) requires the lands to be described.

AMOS G. HULL, Surrogate.—This motion is made under section 1, ch. 295, of the act of 1850. (*Sess. Laws*, 639.)

That act provides that execution against the property of a deceased person shall not issue in any case "unless upon permission granted by the surrogate of the county, who has jurisdiction to grant administration or letters-testamentary on the estate of the deceased judgment-debtor; which surrogate may, on sufficient cause shown, make an order granting permission to issue such execution.

That the order of the surrogate may be valid, sufficient cause must be shown for granting the same. Is it sufficient to set forth the simple fact that the judgment has not been paid? I think not.

The process is to affect the heirs of the deceased, and persons claiming under them. It is right that they should not be disturbed until after the creditor has exhausted his remedies against the personal estate of the deceased.

The statutes of this State provide that the heirs of persons who shall have died intestate, and the heirs and devisees of any person who shall have died after the making of his last will and testament, shall be liable for the debts of such person, arising by simple contract or specialty, to the extent of the estate, interest, or right in the real estate which shall have descended to them from, or been devised to them by, such person.

But such heirs are not liable for such debts unless it appears that the personal assets of the deceased were not sufficient to

discharge the same; or that, after due proceedings before the surrogate and at law, the creditor has been unable to collect such debt from the personal representatives of the deceased, or from his next of kin, or legatees. (2 *Rev. Stat.*, 452; see, also, 11 *Barb.*, 271; 9 *Paige*, 46.)

The cause of action upon which the judgments were rendered, referred to in the moving papers in this case, arose upon contract. There is nothing in the papers in this case showing that the personal assets of the intestate were insufficient to pay the debts.

These facts should appear. (Alden *a.* Clark, 11 *How. Pr.*, 209.)

In this class of applications, the better practice would be to set forth also a description of the real estate designed to be affected by the proceedings.

The motion must be denied, but without prejudice to a renewal of the same upon proper affidavits, and without costs.

---

## LEE *a.* DILL.

*Supreme Court, Fifth District; General Term, April*, 1863.

CONSTRUCTION OF STATUTE.—EXAMINATION OF PARTY.—" REP-
RESENTATIVES OF A DECEASED PERSON."

In the provision of section 399 of the Code, as it stood prior to the amendment of 1862,—allowing parties to be examined as witnesses, except that parties should not be examined against parties who are representatives of a deceased person and the witness,—the words " representatives of a deceased person" should receive a liberal construction.

If the opposing party is an heir-at-law, next of kin, or devisee, he is a representative of the deceased, and the party propounding a will of such deceased for probate cannot be examined as to any transactions had personally between the deceased person and the witness, though such party is competent as to other matters.*

Words and phrases in statutes must be deemed to have been used in their usual and proper sense, unless it appears from the context or otherwise that they were used in a technical and restricted sense.

---

* To the contrary, McCray *a.* McCray, 12 *Ante*, 1.